## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

JENZABAR, INC.,

                Plaintiff,

v.

CAMPUS MANAGEMENT CORPORATION,

                Defendant.

Civil Action No.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Jenzabar, Inc. ("Jenzabar") brings this action against Campus Management Corporation ("CMC") for declaratory judgment of non-infringement of CMC's CAMPUS MANAGEMENT CORP trademark and registrations, and for a declaration of the invalidity and unenforceability of those registrations.

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Jenzabar, Inc. is a corporation duly organized under the laws of Delaware, with a principal place of business at 800 Boylston St., Boston, Suffolk County, Massachusetts 02199.

2.      Upon information and belief, Defendant CMC is a corporation duly organized under the laws of Florida, with a principal place of business at 777 Yamato Road, Suite 400, Boca Raton, FL 33431.

3.      This Court has subject matter jurisdiction over the defendant pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

4.     Defendant CMC has conducted substantial business in this Commonwealth.  It has offered and sold goods and services here and otherwise directed its activities into the forum. It has also sent into this Commonwealth the demand letters that give rise to this action. Accordingly, for these and other reasons, Defendant CMC is subject to personal jurisdiction in this Court pursuant to M.G.L. c. 223A, § 3.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

6.     Jenzabar provides enterprise and administrative software solutions to educational institutions.  Jenzabar's software and services are widely used by institutions of higher education for managing their campuses and conducting administrative functions, such as admissions, financial aid, course registration and development, e-learning, and fundraising.  Jenzabar (and its predecessors in interest) has been offering campus management software and services for over twenty years.

7.     Jenzabar owns the TOTAL CAMPUS MANAGEMENT service mark and has been using this mark in conjunction with its services since at least as early as November of 2003. Jenzabar filed for federal trademark registration of the TOTAL CAMPUS MANAGEMENT mark, U.S. Trademark Application Serial No. 78/620,095 ("the '095 Application") with the U.S. Patent and Trademark Office on April 29, 2005.  A copy of the '095 Application for TOTAL CAMPUS MANAGEMENT is attached as Exhibit 1.

8.     Jenzabar has invested substantial time, effort and money in advertising, marketing and promoting its software and services under the TOTAL CAMPUS MANAGEMENT mark.

9.     CMC is a competitor of Jenzabar, also offering software and services designed for campus management solutions and marketed to educational institutions.

2

10.    The phrase "campus management" is generic and merely descriptive of the services provided by both Jenzabar and CMC, as well as by many, many others in the educational field.

11.    However, CMC applied for and was granted federal registrations for CAMPUS MANAGEMENT CORP, U.S. Trademark Registration Nos. 2,965,722 ("the '722 Registration") and 3,259,702 ("the '702 Registration"), despite the fact that the mark is generic and merely descriptive of the services and software provided by CMC. Copies of the '722 and '702 Registrations on the Principal Register for CAMPUS MANAGEMENT CORP are attached as Exhibit 2.

12.    Jenzabar has a valid and legal right to describe its software, goods, and services by use of the TOTAL CAMPUS MANAGEMENT mark and phrase. CMC, however, has already made multiple demands that Jenzabar cease its use of the descriptive phrase "campus management." A copy of CMC's most recent letter to Jenzabar, dated June 24, 2008, is attached as Exhibit 3.

13.    In addition, Jenzabar's use of TOTAL CAMPUS MANAGEMENT poses no significant risk of consumer confusion. Among other reasons, Jenzabar uses TOTAL CAMPUS MANAGEMENT as a tag line or slogan in conjunction with its other marks. The '722 and '702 Registrations cover CMC's corporate name and do not correspond to any particular product or service.

14.    The products and services offered by Jenzabar and CMC, moreover, are complex enterprise software systems that are marketed to sophisticated purchasers, who often conduct months-long procurement processes in which both Jenzabar and CMC submit proposals. There is, simply put, no realistic risk of confusion.

15.     The lack of confusion is further evidenced by the fact that Jenzabar and CMC have coexisted and competed for nearly five years without confusion.

16.     Apparently even CMC recognizes that Jenzabar's use of TOTAL CAMPUS MANAGEMENT does not pose any real risk to CMC.  It has occasionally sent letters to Jenzabar, including as early as June 2005, in which it makes vague threats, but CMC has never followed up its threats with action.  A copy of CMC's letter to Jenzabar, dated June 8, 2005, is attached as Exhibit 4.  CMC has, rather, acquiesced in Jenzabar's use of TOTAL CAMPUS MANAGEMENT.  CMC's latest threat is just another attempt to disrupt Jenzabar's business by creating doubt and uncertainty.

17.     Jenzabar is likely to be damaged if CMC is permitted to assert the '722 and '702 Registrations against Jenzabar, or otherwise impair Jenzabar's use of the descriptive phrase "campus management" in its TOTAL CAMPUS MANAGEMENT mark, in which Jenzabar has legitimate rights and has made a substantial investment.

## COUNT I

## Declaratory Judgment of Non-infringement

18.     Jenzabar restates and re-alleges all of the allegations contained in Paragraphs 1 through 17 as if fully set forth herein.

19.     An actual controversy between CMC and Jenzabar exists regarding the infringement, validity and enforceability of the '722 and '702 Registrations.

20.     CMC's conduct has created a reasonable apprehension on the part of Jenzabar that it will be faced with a trademark infringement suit if it continues to use its TOTAL CAMPUS MANAGEMENT mark in conjunction with its software, goods, and services.

21.     Jenzabar does not, in fact, infringe either the '722 or '702 Registrations, or any other valid rights owned by CMC.

## COUNT II

### Declaratory Judgment of Invalidity and Unenforceability

22.     Jenzabar restates and re-alleges all of the allegations contained in Paragraphs 1 through 17 as if fully set forth herein.

23.     An actual controversy between CMC and Jenzabar exists regarding the validity and enforceability of the '722 and '702 Registrations.

24.     Jenzabar alleges that the '722 and '702 Registrations are not entitled to registration or protection under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, because, among other things, the CAMPUS MANAGEMENT CORP mark is generic and merely descriptive of the goods and services provided by CMC under that mark.

25.     Even if the '722 or '702 Registrations were valid, which they are not, CMC would not be entitled to enforce those registrations against Jenzabar.

**WHEREFORE, Jenzabar prays that the Court:**

1.  Enter judgment for Jenzabar and against CMC in the count above;

2.  Enter judgment declaring that Jenzabar has not and is not infringing U.S. Trademark Registration Nos. 2,965,722 and 3,259,702;

3.  Enter judgment declaring that U.S. Trademark Registration Nos. 2,965,722 and 3,259,702 are invalid, void and unenforceable;

4.  Enter an order temporarily and permanently enjoining the defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with the defendants, from asserting, representing or alleging that Jenzabar or any of Jenzabar's customers, employees or agents has infringed and/or is now infringing U.S. Trademark Registration Nos. 2,965,722 and 3,259,702, and from threatening

Jenzabar or any of Jenzabar's customers, employees or agents with trademark infringement litigation because of Jenzabar's use of the TOTAL CAMPUS MANAGEMENT mark;

5.    Enter an order declaring that Jenzabar has the right to carry out the conduct that has been accused of trademark infringement by CMC without any interference from CMC, its agents, employees, attorneys, licensees and related companies;

6.    Award Jenzabar its reasonable attorneys' fees, including those attorneys' fees to which Jenzabar is entitled pursuant to 15 U.S.C. § 1117; and

7.    Grant Jenzabar such other and further relief as this Court may deem just and proper.

## JURY DEMAND

JENZABAR, INC. demands a trial by jury on all issues so triable.

JENZABAR, INC.

By its attorneys,

/s/Daniel K. Hampton
Daniel K. Hampton (BBO #634195)
Elizabeth R. Burkhard (BBO #666968)
HOLLAND & KNIGHT LLP
10 St. James Ave.
Boston, MA  02116
(617) 523-2700

Edward J. Naughton (BBO #600059)
BROWN RUDNICK LLP
One Financial Center
Boston, MA 02111
(617) 856-8200

Dated:   June 30, 2008
            Boston, Massachusetts

# 5236730_v5