### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JENZABAR, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-11117  NMG |
| | ) | |
| v. | ) | |
| | ) | |
| CAMPUS MANAGEMENT CORPORATION, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

### <u>ANSWER TO JENZABAR, INC.'S FIRST AMENDED COUNTERCLAIMS</u>

Defendant, Campus Management Corp. ("Campus Management"), answers the First

Amended Counterclaims ("Amended Counterclaims") of Plaintiff Jenzabar, Inc. ("Jenzabar") as

follows:

1.     Campus Management admits only so much of the allegations in Paragraph 1 as

allege that Jenzabar provides software to institutions of higher education.  Campus Management

is without knowledge or information sufficient to form a belief as to the remaining allegations in

Paragraph 1.

2.     Campus Management denies the allegations in Paragraph 2.

3.     Campus Management admits only so much of the allegations in Paragraph 3 as

allege that Jenzabar offers software and services in interstate commerce.  Campus Management

is without knowledge or information sufficient to form a belief as to the truth of the allegations

in Paragraph 3 concerning the length of time over which Jenzabar and its predecessors in interest

have offered such software and services.  Campus Management denies all remaining allegations

in Paragraph 3.

- 1 -

4.      Campus Management admits only so much of the allegations in Paragraph 4 as allege that Jenzabar has and continues to use the phrase TOTAL CAMPUS MANAGEMENT in connection with sales of software and services.  Campus Management denies all remaining allegations in Paragraph 4.

5.      Campus Management denies the allegations in the first sentence of Paragraph 5. Campus Management states that the publications of the International Standards Organization speak for themselves, and Campus Management admits only so much of the allegations in the second sentence of Paragraph 5 to the extent they fully and accurately reflect that publication. Campus Management denies the remaining allegations in the second sentence of Paragraph 5.

6.      Campus Management admits only that Jenzabar has purported to register the phrase TOTAL CAMPUS MANAGEMENT with the Commonwealth of Massachusetts. Campus Management denies all remaining allegations in Paragraph 6.

7.      Campus Management is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8.      Campus Management admits the allegations in Paragraph 8.

9.      Campus Management admits only so much of the allegations in Paragraph 9 as allege that Mahendran Jawaharlal is a former senior executive at Jenzabar.  Campus Management is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9.

10.      Campus Management is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

BOS 657812.2

11.     Campus Management is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12.     Campus Management admits only so much of the allegations in Paragraph 12 as allege that Mahendran Jawaharlal joined Campus Management on October 1, 2003.  Campus Management denies all remaining allegations in Paragraph 12.

13.     Campus Management denies the allegations in Paragraph 13.

14.     Campus Management admits only so much of the allegations in Paragraph 14 as allege that it hired Jack Elcik, Walter Laskarzewski and Ed O'Donnell.  Campus Management denies all remaining allegations in Paragraph 14.

15.     Campus Management denies the allegations in Paragraph 15.

16.     Campus Management denies the allegations in Paragraph 16.

17.     Campus Management denies the allegations in Paragraph 17.

18.     Campus Management states that its marketing materials and website, as well as filings with the Florida Secretary of State's office, speak for themselves.  Campus Management admits only so much of the allegations in Paragraph 18 as fully and accurately relate the substance of those written materials, and otherwise denies those allegations.  Campus Management denies all remaining allegations in Paragraph 18.

19.     Campus Management denies the allegations in Paragraph 19.

20.     Campus Management admits only so much of the allegations in Paragraph 20 as allege that in September 2003 it applied for and was granted federal trademark registrations for

- 3 -

CAMPUS MANAGEMENT CORP. Campus Management denies all remaining allegations in Paragraph 20.

21.     Campus Management admits only that the PTO issued an office action on April 13, 2005. Campus Management states that the office action speaks for itself. Campus Management admits only so much of the allegations in Paragraph 21 as accurately and fully reflect the terms of that office action, and otherwise denies those allegations. Campus Management denies all remaining allegations in Paragraph 21.

22.     Campus Management admits only that on October 4, 2004 it responded to the office action of the PTO. Campus Management states that its response speaks for itself. Campus Management denies that the allegations in Paragraph 22 fully and accurately reflect the terms of its response. Campus Management denies all remaining allegations in Paragraph 22.

23.     Campus Management admits only so much of the allegations in Paragraph 23 as allege that it submitted to the PTO a declaration signed by its then president, David Meek. Campus Management states that Mr. Meek's declaration speaks for itself, and admits only so much of the allegations in Paragraph 23 as accurately and fully reflect the statements in that declaration. Campus Management denies all remaining allegations in Paragraph 23.

24.     Campus Management denies the allegations in Paragraph 24.

25.     Campus Management denies the allegations in Paragraph 25.

26.     Campus Management denies the allegations in Paragraph 26.

27.     Campus Management denies the allegations in Paragraph 27.

28.     Campus Management admits only so much of the allegations in Paragraph 28 as allege that the PTO issued Trademark Registration Nos. 2,965,722 and 3,259,702 covering Campus Management's marks.  Campus Management denies all remaining allegations in Paragraph 28.

29.     Campus Management denies the allegations in Paragraph 29.

30.     Campus Management admits only so much of the allegations in Paragraph 30 as allege that it sent a letter to Jenzabar on June 8, 2005.  Campus Management states that its letter speaks for itself, and admits only so much of the allegations in Paragraph 30 as accurately and fully reflect the terms of the letter.  Campus Management denies all remaining allegations in Paragraph 30.

31.     Campus Management denies the allegations in Paragraph 31.

32.     Campus Management admits only so much of the allegations in Paragraph 32 as allege that Jenzabar sent a letter to Campus Management on June 15, 2005.  Campus Management denies all remaining allegations in Paragraph 32.

33.     Campus Management denies the allegations in Paragraph 33.

34.     Campus Management admits only so much of the allegations in Paragraph 34 as allege that Jenzabar continued to use TOTAL CAMPUS MANAGEMENT  in connection with offering its goods and services.  Campus Management denies all remaining allegations in Paragraph 34.

35.     Campus Management admits only so much of the allegations of Paragraph 35 as allege that it sent a letter to Jenzabar on June 24, 2008. Campus Management states that its letter speaks for itself, and admits only so much of the allegations in Paragraph 35 as fully and accurately set forth the terms of that letter. Campus Management denies all remaining allegations in Paragraph 35.

36.     Campus Management denies the allegations in Paragraph 36.

37.     Campus Management denies the allegations in Paragraph 37.

38.     Campus Management admits only so much of the allegations in the first sentence of Paragraph 38 as allege that its products and services, and Jenzabar's products and services, are complex enterprise software systems. Campus Management is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 38. Campus Management denies the allegations in the second sentence of Paragraph 38.

39.     Campus Management denies the allegations in Paragraph 39.

40.     Campus Management denies the allegations in Paragraph 40.

41.     Campus Management admits only so much of the allegations in Paragraph 41 as allege that it filed counterclaims against Jenzabar. Campus Management denies all remaining allegations in Paragraph 41.

42.     Campus Management denies the allegations in Paragraph 42.

43.     Campus Management restates and incorporates its answers to Paragraphs 1 through 25 of the Complaint and Paragraphs 1 through 42 of the Amended Counterclaims as if fully set forth herein.

44.     Campus Management denies the allegations in Paragraph 44.

45.     Campus Management denies the allegations in Paragraph 45.

46.     Campus Management denies the allegations in Paragraph 46.

47.     Campus Management denies the allegations in Paragraph 47.

48.     Campus Management restates and incorporates its answers to Paragraphs 1 through 25 of the Complaint and Paragraphs 1 through 47 of the Amended Counterclaims as if fully set forth herein.

49.     Campus Management denies the allegations in Paragraph 49.

50.     Campus Management denies the allegations in Paragraph 50.

51.     Campus Management denies the allegations in Paragraph 51.

52.     Campus Management restates and incorporates its answers to Paragraphs 1 through 25 of the Complaint and Paragraphs 1 through 51 of the Amended Counterclaims as if fully set forth herein.

53.     Campus Management denies the allegations in Paragraph 53.

54.     Campus Management denies the allegations in Paragraph 54.

55.    Campus Management denies the allegations in Paragraph 55.

56.    Campus Management restates and incorporates its answers to Paragraphs 1 through 25 of the Complaint and Paragraphs 1 through 19 of the Amended Counterclaims as if fully set forth herein.

57.    Campus Management admits the allegations in Paragraph 57.

58.    Campus Management denies the allegations in Paragraph 58.

59.    Campus Management denies the allegations in Paragraph 59.

60.    Campus Management denies the allegations in Paragraph 60.

61.    Campus Management denies the allegations in Paragraph 61.

62.    Campus Management restates and incorporates its answers to Paragraphs 1 through 25 of the Complaint and Paragraphs 1 through 61 of the Amended Counterclaims as if fully set forth herein.

63.    Campus Management denies the allegations in Paragraph 63.

64.    Campus Management denies the allegations in Paragraph 64.

## **PRAYERS FOR RELIEF**

Campus Management denies that Jenzabar is entitled to any of the relief prayed for in Paragraphs 1 through 7 on pages 11 and 12 of the Amended Counterclaims.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Jenzabar's Amended Counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

Jenzabar's claims are barred by the doctrine of laches.

### Third Affirmative Defense

Jenzabar's claims are barred by the doctrine of waiver and/or estoppel.

### Fourth Affirmative Defense

Jenzabar's claims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

Jenzabar's claims are barred by the applicable statutes of limitation.

### Sixth Affirmative Defense

The conduct on which Jenzabar's Chapter 93A claim is based did not take place primarily and substantially in the Commonwealth of Massachusetts.

### Seventh Affirmative Defense

Jenzabar is not entitled to injunctive relief because Jenzabar will suffer no irreparable harm and the balance of harms and equities does not favor Jenzabar.

### Eighth Affirmative Defense

Jenzabar's claims, including but not limited to its Chapter 93A claim, are barred because of Jenzabar's own actions targeting Campus Management, including but not limited to its malicious disparagement of Campus Management using the press and industry analysts in an effort to manipulate customers and potential customers to be negatively predisposed against

- 9 -

Campus Management, preclude Jenzabar from challenging Campus Management's competitive efforts.

### Ninth Affirmative Defense

Campus Management reserves the right to assert such other affirmative defenses as may become known during the course of discovery.

WHEREFORE, Campus Management respectfully requests that this Court:

A.    Enter judgment in its favor on the Amended Counterclaims;

B.    Award Campus Management attorneys' fees and costs it incurs in defending against the Amended Counterclaims, as may be allowed by law; and

C.    Grant such other and further relief as may be just and proper.

### JURY DEMAND

Campus Management demands a trial by jury on all issues so triable.


Dated: May 8, 2009

Respectfully submitted,
/s/ Patricia M. Mullen
Patricia M. Mullen (BBO #663318)
Steven M. Cowley (BBO # 554534)
Andrea J. Mealey  (BBO #635565)
EDWARDS ANGELL PALMER & DODGE LLP
111 Huntington Avenue
Boston, Massachusetts 02199-7613
617.239.0100

Attorneys for Defendant-Counterplaintiff
CAMPUS MANAGEMENT CORP.

CERTIFICATE OF SERVICE

I, Patricia Mullen, hereby certify, pursuant to Local Rule 5.2(b), that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this 8th day of May, 2009.

/s/ Patricia M. Mullen
Patricia M. Mullen